89 F.3d 837
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Alonzo WATSON, Defendant-Appellant.
 No. 95-1580.
 United States Court of Appeals, Sixth Circuit.
 June 7, 1996.
 
 Before: CONTIE, BATCHELDER, and MOORE, Circuit Judges.
 PER CURIAM.
 
 
 1
 In this case we examine whether the two-level enhancement to Alonzo Watson's offense level, pursuant to U.S.S.G. § 2D1.1(b)(1) for possession of a firearm in connection with drug trafficking, was clearly erroneous. Concluding that it was not, we AFFIRM the district court's enhancement.
 
 I. FACTS
 
 2
 Alonzo Watson was involved in a drug ring that employed 50-100 people. The ring leader was Shannon Bowman. Testimony at the sentencing hearing indicated that Watson was a pick-up man, delivering drugs and picking up money. Although Watson claims he never carried a gun, there was substantial evidence presented that there were guns in the ring's crack houses, that Watson knew the guns were there, and knew that his co-conspirators possessed guns. Both Bowman and Watson pleaded guilty to various charges. Watson was given a two-level enhancement under U.S.S.G. § 2D1.1(b)(1) for possession of a firearm in connection with his offense of drug trafficking.
 
 
 3
 Watson challenges the enhancement because he never carried a gun and because no gun was ever presented into evidence.
 
 II. ANALYSIS
 
 4
 "As it pertains to sentencing under the Guidelines, a district court's finding that a defendant possessed a firearm during a drug crime is a factual finding subject to the clearly erroneous standard of review." United States v. Duncan, 918 F.2d 647, 650 (6th Cir.1990), cert. denied, 500 U.S. 933 (1991). An enhancement under § 2D1.1(b)(1) is proper where the defendant possessed a firearm. "The possession of a gun by one co-conspirator is attributable to another co-conspirator if such possession constitutes reasonably foreseeable conduct." United States v. Chalkias, 971 F.2d 1206, 1217 (6th Cir.), cert. denied, 506 U.S. 926 (1992). This court has held that where the defendant knows that a firearm is present in a vehicle that is used to traffick drugs, a two level adjustment is proper under § 2D1.1(b)(1). United States v. Perkins, 994 F.2d 1184, 1192 (6th Cir.), cert. denied, 114 S.Ct. 279 (1993). There was objective evidence presented at the sentencing hearing indicating that Watson knew firearms were present in the crack houses which he frequented and also that he knew it was reasonably probable that his co-conspirators were armed. See United States v. Cochran, 14 F.3d 1128, 1133 (6th Cir.1994).
 
 
 5
 The objective evidence which establishes that Watson knew there were guns in the crack houses, that some of his co-conspirators used firearms, and therefore that Watson also possessed firearms for the purposes of a § 2D1.1(b)(1) enhancement includes the following:
 
 
 6
 . Watson was aware that guns were being accepted as payment for crack cocaine by other co-conspirators;
 
 
 7
 . Watson knew that the organization maintained guns in the crack houses;
 
 
 8
 . Watson was often in the crack houses;
 
 
 9
 . Watson was in a crack house when there was a gun in the crack house;
 
 
 10
 . Watson discussed with Bowman the matter of guns in the crack houses;
 
 
 11
 . Watson's lawyer essentially admitted at the sentencing hearing, though in the context of acceptance of responsibility, that Watson possessed the firearms: "I believe that if Mr. Watson's interpretation of the word 'possessing'--now he's not a judge or a lawyer who knows what the statute states that if a gun is even in a house, it is used by someone other than a defendant, then it could be contributed [sic ] to that defendant. I don't think Mr. Watson was aware, Your Honor, of that set of facts, that a gun just being present made him responsible."
 
 
 12
 At a sentencing hearing, possession must be proved by a preponderance of the evidence. United States v. Sanchez, 928 F.2d 1450, 1460 (6th Cir.1991). As the district court found, the evidence listed above supports a finding that the weapon possession by co-conspirators constituted reasonably foreseeable conduct. For purposes of the enhancement, it is irrelevant whether or not Watson actually possessed a weapon; constructive possession is sufficient. See Perkins, 994 F.2d at 1192; Chalkias, 971 F.2d at 1217; Duncan, 918 F.2d at 650.
 
 
 13
 In light of the facts and the law, we do not find clear error in the decision by the district court to impose the two-level enhancement.
 
 CONCLUSION
 
 14
 Accordingly, the sentence of the district court is AFFIRMED.